IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JAMES ARTHUR MAHOMES, | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| vs. | : NO. 1:02-CV-4(WLS) |
| WENDY THOMPSON; MARTY ALLEN; JAMES POTTS; JEFFREY DRAWDY; and ERNEST THOMPSON. | : |
| Defendants. | : |

## ORDER

Presently pending before the Court is Defendants' Motion for Judgment as a Matter of Law Pursuant to FED. R. CIV. P. 50. Defendants orally move the Court to grant judgment as a matter of law as to Defendants Wendy Thompson and Marty Allen.

Rule 50 of the Rules of Federal Civil Procedure states, in pertinent part:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

FED. R. CIV. P. 50(a)(1). Defendants' motion need not be reserved to those circumstances where there is complete absence of facts to support a jury verdict, but are in addition appropriate when there is "no substantial conflict in evidence to support jury question." Ames v. Provident Life and Acc. Ins. Co., 942 F.Supp. 551, 555 (S.D.Fla. 1994).

On motions filed pursuant to FED. R. CIV. P. 50(a)(1), the standard proscribed by the

1

Eleventh Circuit which this Court must follow states that all evidence should be considered and all reasonable inferences most favorable to the nonmovant should be made. If the facts and inferences point overwhelmingly in favor of one party that the Court believes that a reasonable person could not arrive at a contrary judgment, the Court should grant the motion. Watts v. Great Atlantic and Pacific Tea Co., 842 F.2d 307 (11th Cir. 1988) (*citing* Boeing Co. v. Shipman, 411 F.2d 365, 374-375 (5th Cir. 1969)).[1]

After review of the record and after a hearing as to Defendants' motion, the Court concludes that although Plaintiff has demonstrated that there was a protected activity in that Plaintiff has a constitutionally protected right to file the present lawsuit, Plaintiff has not as a matter of law presented evidence before the Court for which a claim can be maintained and sufficient for a jury to deliberate as to Defendant Marty Allen. There has been no direct or circumstantial evidence presented in this case that suggests Defendant Marty Allen was physically present with the C.E.R.T. team on the date of the alleged excessive use of force or otherwise authorized any alleged excessive use of force against *pro se* Plaintiff. It appears that Defendant Marty Allen was named in his supervisory capacity only. And since the law does not hold a supervisor liable under a respondeat superior theory, the Court finds that this claim cannot be sustained as a matter of law. Therefore, Defendant's Motion for Judgment as a Matter of Law Pursuant to FED. R. CIV. P. 50 is **GRANTED as to Defendant Marty Allen.**

However, the Court believes that *pro se* Plaintiff has presented sufficient evidence for the trier of fact to deliberate and reach a verdict as to Defendant Wendy Thompson. Therefore,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

Defendant's Motion for Judgment as a Matter of Law Pursuant to FED. R. CIV. P. 50 is

**DENIED as to Defendant Wendy Thompson.** [2]

SO ORDERED, this __27th__ day of June, 2005 (*Nunc pro tunc to March 9, 2005*)

                                                        /s/W. Louis Sands
                                            **W. Louis Sands, Chief Judge**
                                            **United States District Court**

---

[2]. The Court originally signed this order on March 9, 2005, but inadvertently failed to file the same with the Clerk. Therefore, the Order now issues *nunc pro tunc*.